**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| DELORES SPENCER-JEFFERIES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:06-cv-01520 |
| | ) | |
| CHASE HOME FINANCE, LLC., et al., | ) | Judge Gladys Kessler |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ANSWER OF DEFENDANT CHASE HOME FINANCE LLC**

Defendant Chase Home Finance, LLC ("CHF") hereby answers the Complaint. As to the initial numbered paragraphs of the Complaint, CHF responds as follows:

1.    Paragraph 1 contains a description of the action to which no response is required. To the extent that a response is required, CHF denies such allegations.

2.    Paragraph 2 of the Complaint sets forth legal conclusions for which no response is required. To the extent that a response is required, CHF denies such allegations.

As to the numbered paragraphs following the heading "The Parties," CHF responds as follows:

1.    CHF is without sufficient information to admit or deny the allegations in paragraph 1, and thus denies such allegations.

2.    CHF admits that it has customers in the District of Columbia and Nashville, Tennessee. CHF admits that it is the holder of a note on the property located at 901 Hammack Drive, Nashville, TN 37214. CHF denies the remaining allegations in paragraph 2.

3.    CHF admits that Wilson & Associates, PLLC are Attorneys and Counselors-at-Law with a place of business at 1521 Merrill Drive, Little Rock AR, 72211. CHF is without

sufficient information to admit or deny the remaining allegations of paragraph 3 of the

Complaint and thus denies such allegations.

As to the numbered paragraphs following the heading "Background," CHF responds as

follows:

3.      CHF admits that it has instituted foreclosure proceedings against Spencer-

Jefferies.  CHF denies the remaining allegations of paragraph 3.

4.      Paragraph 4 sets forth legal conclusions for which no response is required.  To the

extent that paragraph 4 alleges any facts, CHF denies such allegations.

5.      Paragraph 5 sets forth legal conclusions for which no response is required.  To the

extent that paragraph 5 alleges any facts, CHF denies such allegations.

6.      Denied.

7.      CHF is without sufficient information to admit or deny the allegations in

paragraph 7, and thus denies such allegations.

8.      CHF is without sufficient information to admit or deny the allegations in

paragraph 8, and thus denies such allegations.

9.      The affidavit speaks for itself.  CHF denies the remaining allegations in paragraph

9.

10.     Paragraph 10 sets forth legal conclusions for which no response is required.  To

the extent that paragraph 10 alleges any facts, CHF denies such allegations.

11.     CHF is without sufficient information to admit or deny the allegations in

paragraph 11 of the Complaint, and thus denies such allegations.

12.     CHF is without sufficient information to admit or deny the allegations in

paragraph 12 of the Complaint, and thus denies such allegations.

13.     CHF is without sufficient information to admit or deny the allegations in paragraph 13 of the Complaint, and thus denies such allegations.

14.     Denied.

15.     CHF admits to reversing some charges on Spencer-Jefferies account.  CHF denies the remaining allegations in paragraph 15.

16.     CHF is without sufficient information to admit or deny the allegations in paragraph 16 of the Complaint and thus denies such allegations.

17.     CHF admits that an assessment of $433.00 was made to Spencer-Jefferies account on September 30, 2004.  CHF denies the remaining allegations of paragraph 17.

18.     CHF is without sufficient information to admit or deny the allegations in paragraph 18, and thus denies such allegations.

19.     CHF admits that Spencer-Jefferies made calls to CHF customer service representatives.

20.     Denied.

21.     CHF is without sufficient information to admit or deny the allegations in paragraph 21, and thus denies such allegations.

22.     CHF is without sufficient information to admit or deny the allegations in paragraph 22, and thus denies such allegations.

23.     CHF admits crediting Spencer-Jefferies account in the amount of $433.00 on January 5, 2006.  CHF is without sufficient information to admit or deny the remaining allegations in paragraph 23, and thus denies such allegations.

24.     CHF is without sufficient information to admit or deny the allegations in paragraph 24, and thus denies such allegations.

25.     CHF admits Spencer-Jefferies' January 17, 2006 mortgage loan statement reflects a credit in the amount of $433.00.  CHF is without sufficient information to admit or deny the remaining allegations in paragraph 25, and thus denies such allegations.

26.     CHF is without sufficient information to admit or deny the allegations in paragraph 26, and thus denies such allegations.

27.     Paragraph 27 of the Complaint sets forth legal conclusions for which no response is required.  To the extent that paragraph 27 alleges any facts, CHF denies such allegations.

28.     CHF is without sufficient information to admit or deny the allegations in paragraph 28 of the Complaint and thus denies such allegations.

29.     CHF admits sending Exhibit G to Spencer-Jefferies.

30.     Denied.

31.     Denied.

32.     CHF admits it posted two payments incorrectly, which it subsequently corrected. CHF denies the remaining allegations in paragraph 32.

33.     CHF is without sufficient information to admit or deny the allegations in paragraph 33, and thus denies such allegations.

34.     CHF is without sufficient information to admit or deny the allegations in paragraph 34, and thus denies such allegations.

35.     CHF is without sufficient information to admit or deny the allegations in paragraph 35, and thus denies such allegations.

36.     CHF is without sufficient information to admit or deny the allegations in paragraph 36, and thus denies such allegations.

37.     Denied.

38.     Denied.

39.     CHF is without sufficient information to admit or deny the allegations in paragraph 39, and thus denies such allegations.

40.     CHF denies the allegations in the first sentence of paragraph 40.  CHF is without sufficient information to admit or deny the remaining allegations in that paragraph, and thus denies such allegations.

41.     CHF is without sufficient information to admit or deny the allegations in paragraph 41, and thus denies such allegations.

42.     CHF admits to sending an address change confirmation letter to Spencer-Jefferies on October 17, 2005.

43.     CHF is without sufficient information to admit or deny the allegations in paragraph 43, and thus denies such allegations.

44.     Paragraph 44 sets forth legal conclusions for which no response is required.  To the extent that paragraph 44 alleges any facts, CHF denies such allegations.

45.     Paragraph 45 sets forth legal conclusions for which no response is required.  To the extent that paragraph 45 alleges any facts, CHF denies such allegations.

46.     CHF is without sufficient information to admit or deny the allegations in paragraph 46, and thus denies such allegations.

47.     CHF is without sufficient information to admit or deny the allegations in paragraph 47, and thus denies such allegations.

48.     CHF is without sufficient information to admit or deny the allegations in paragraph 48, and thus denies such allegations.

49.    CHF is without sufficient information to admit or deny the allegations in paragraph 49, and thus denies such allegations.

50.    CHF is without sufficient information to admit or deny the allegations in paragraph 50, and thus denies such allegations.

51.    Denied.

52.    Denied.

53.    Denied.

54.    Paragraph 54 sets forth legal conclusions for which no response is required.  To the extent that paragraph 54 alleges any facts, CHF denies such allegations

55.    Paragraph 55 sets forth legal conclusions for which no response is required.  To the extent that paragraph 55 alleges any facts, CHF denies such allegations.

56.    Denied.

As to the numbered paragraphs following the heading "Count I," CHF responds as follows:

1.    Paragraph 1 sets forth legal conclusions for which no response is required.  To the extent that paragraph 1 alleges any facts, CHF denies such allegations.

2.    CHF is without sufficient information to admit or deny the allegations in paragraph 2 of the Complaint, and thus denies such allegations.

3.    Paragraph 3 of the Complaint sets forth legal conclusions for which no response is required.  To the extent that paragraph 3 alleges any facts, CHF denies such allegations.

4.    Denied.

5.    CHF is without sufficient information to admit or deny the allegations in paragraph 5 of the Complaint, and thus denies such allegations.

6.      Denied.

7.      Paragraph 7 sets forth legal conclusions for which no response is required.  To the extent that paragraph 7 alleges any facts, CHF denies such allegations.

8.      Denied.

9.      CHF is without sufficient information to admit or deny the allegations in paragraph 9, and thus denies such allegations.

10.     CHF is without sufficient information to admit or deny the allegations in paragraph 10 of the Complaint, and thus denies such allegations.

11.     Paragraph 11 of the Complaint sets forth legal conclusions for which no response is required.  To the extent that paragraph 11 alleges any facts, CHF denies such allegations.

12.     CHF is without sufficient information to admit or deny the allegations in paragraph 12 of the Complaint and thus denies such allegations.

13.     Paragraph 13 of the Complaint sets forth legal conclusions for which no response is required.  To the extent that paragraph 13 alleges any facts, CHF denies such allegations.

14.     Paragraph 14 of the Complaint sets forth legal conclusions for which no response is required.  To the extent that paragraph 14 alleges any facts, CHF denies such allegations.

15.     Paragraph 15 of the Complaint sets forth legal conclusions for which no response is required.  To the extent that paragraph 15 alleges any facts, CHF denies such allegations.

16.     Denied.

17.     Denied.

18.     Paragraph 18 sets forth legal conclusions for which no response is required.  To the extent that paragraph 18 alleges any facts, CHF denies such allegations.

CHF further denies each and every allegation of the Complaint not specifically admitted herein to be true, and denies that Plaintiff is entitled to any of the relief requested.

CHF hereby asserts the following defenses to the Complaint.

## FIRST DEFENSE

Spencer-Jefferies fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Spencer-Jefferies' claims are barred by waiver.

## THIRD DEFENSE

Spencer-Jefferies' claims are barred by estoppel.

## FOURTH DEFENSE

Spencer-Jefferies' claims are barred by limitations.

## FIFTH DEFENSE

Spencer-Jefferies' claims are barred by laches.

## SIXTH DEFENSE

Spencer-Jefferies' claims are barred by illegality.

## SEVENTH DEFENSE

Spencer-Jefferies has failed to mitigate any alleged damages.

## EIGHTH DEFENSE

Spencer-Jefferies' claims are barred by contributory negligence.

WHEREFORE, CHF respectfully requests that the Complaint be dismissed in its entirety with prejudice, that it be awarded its attorneys' fees and costs and that the Court grant such further relief as may be proper.

        /s/ Gary C. Tepper

Gary C. Tepper (D.C. Bar No. 348698)
Timothy W. Bucknell (D.C. Bar No. 494493)
ARENT FOX PLLC
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036-5339
Tel.: (202) 857-6000
Fax: (202) 857-6395
Attorneys for Defendant Chase Home Finance LLC

Dated:  September 5, 2006

## <u>CERTIFICATE OF SERVICE</u>

I certify that I have this 5th day of September, 2006, caused the foregoing Answer of

Chase Home Finance, LLC to be served by certified mail, upon:

> Delores Spencer-Jefferies
> 73 Galveston Street SW
> Apartment 101
> Washington, DC 20032
>
> Stephen N. Goldberg
> Cohn, Goldberg & Deutsch, LLC
> 600 Baltimore Ave.
> Suite 208
> Towson, MD. 21204

_____/s/Timothy W. Bucknell_____<br>
Timothy W. Bucknell