UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DELORES SPENCER-JEFFRIES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHASE HOME FINANCE, LLC., <u>et al.</u>, )<br>)<br>Defendants. )<br>) | Civil Action No. 1:06-cv-01520<br><br>Judge Gladys Kessler |

## <u>VERIFIED MOTION OF WILSON & ASSOCIATES, PLLC, TO DISMISS FOR LACK OF JURISDICTION OVER THE PERSON</u>

Defendant Wilson & Associates, PLLC ("Wilson") hereby moves this honorable Court, pursuant to F.R.Civ.P. 12 (b) (2), to dismiss it from this action for lack of jurisdiction over the person, and for reasons says:

1. Defendant Wilson is a law firm domiciled in, organized under the laws of, and with its principal place of business located in, the state of Arkansas.

2. That Wilson has no office, employees, or other physical presence in the District of Columbia.

3. That Wilson does not transact any business, in the District of Columbia.

4. That Wilson has not contracted to supply services in the District of Columbia.

5. That Wilson has not caused tortious injury in the District of Columbia by an act or omission in the District of Columbia, as is contemplated by D.C. Code, 2000 Ed., § 13-423.

6. That Wilson does not regularly conduct or solicit business, engage in any other persistent course of conduct, or derive substantial revenue from goods used or consumed, or services rendered, in the District of Columbia.

7. That Plaintiff's Complaint to Set Aside a Wrongful Foreclosure Sale, also sounding in Breach of Contract, Negligence and violation of the D.C. Consumer Protection Procedures Act, arises out of a note secured by real property located in the State of Tennessee. *See* Paragraph 2-3 of Complaint, following heading entitled "The Parties", and paragraph 3 of Complaint following heading entitled "Background".

8. That Plaintiff utilizes the term "Defendant" throughout the Complaint, never specifying which defendant is being referred to, or which allegedly took the action complained of.

9. That the only contact or nexus with the District of Columbia, by the Defendant Wilson, was the mailing to the plaintiff's address of a pre-foreclosure letter on June 19, 2006, see Exhibit A to the Complaint, and a notice of pending foreclosure sale on July 18, 2006, see Exhibit S to the Complaint, pursuant to the requirements of the subject security instrument and/or Tennessee law. The address of the plaintiff in the District of Columbia was provided to Wilson by its co-defendant Chase Home Finance, LLC, who was in turn advised of this address by the plaintiff. See Exhibit M to the Complaint.

10. The Defendant respectfully directs the Court's attention to the accompanying Memorandum in Support of this motion.

WHEREFORE, the Defendant Wilson & Associates, PLLC, respectfully requests that it be dismissed as a Defendant in this action.

Stephen N. Goldberg, D.C. Bar No. 247916
COHN, GOLDBERG & DEUTSCH, LLC
600 Baltimore Avenue, Suite 208
Towson, Maryland 21204
(410) 296-2550 x3009

## VERIFICATION

1. I, Christopher L. Palmer, Esq. am over the age of 18 and competent to testify.

2. I am the Litigation Managing Partner for the Defendant Wilson & Associates, PLLC.

3. I have reviewed the facts alleged and statements made in the above Motion, and said facts and statements are true and correct.

I hereby affirm under the penalties of perjury, and upon personal knowledge, that the above statements made, and facts alleged, are true and correct.

_____
Christopher L. Palmer, Esq.
Wilson & Associates, PLLC

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DELORES SPENCER-JEFFRIES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:06-cv-01520 |
| ) | |
| CHASE HOME FINANCE, LLC., et al., ) | Judge Gladys Kessler |
| ) | |
| Defendants. ) | |

### MEMORANDUM IN SUPPORT OF MOTION OF WILSON & ASSOCIATES, PLLC, TO DISMISS FOR LACK OF JURISDICTION OVER THE PERSON

Defendant Wilson & Associates, PLLC ("Wilson"), in support of the motion to dismiss it as a defendant from this action for lack of jurisdiction over the person, says:

Personal Jurisdiction in the District of Columbia may be founded upon an "enduring relationship" with the District, per D.C. Code, 2000 Ed., § 13-422, or upon specific conduct, per D.C. Code, 2000 Ed., § 13-423. A District of Columbia Court, and likewise this Court, may exercise personal jurisdiction over a "person"[1], domiciled in, organized under the laws of, or maintaining his or its principal place of business in, the District of Columbia as to any claim for relief. The Defendant Wilson, as an Arkansas professional limited liability company, meets none of those criteria. *See* paragraph 1 of the Verified Motion.

The Court may alternatively exercise personal jurisdiction over a person who acts directly or by an agent, as to a claim for relief arising out of certain activity delineated by the Code. D.C. Code, 2000 Ed., § 13-423 (a). When jurisdiction over a person is based solely upon this section,

---

[1] Defined by D.C. Code, 2000 Ed., § 13-422 as including a partnership, association, or other legal or commercial entity.

however, only a claim for relief arising from acts enumerated in that section may be asserted against him. D.C. Code, 2000 Ed., § 13-423 (b).

There are seven enumerated activities out of which a cause of action may lie and accordingly provide for personal jurisdiction. The actions complained of by the plaintiff are so clearly outside the purview of two of those seven delineated activities, that a discussion of same is not necessary. D.C. Code, 2000 Ed., § 13-423 (a) (6)-(7).[2] The remaining five bases of jurisdiction are (1) transacting any business in the District of Columbia; (2) contracting to supply services in the District of Columbia; (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia; (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia *if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia* (italics added); and (5) having an interest in, using, or possessing real property in the District of Columbia. D.C. Code, 2000 Ed., § 13-423 (a) (1)-(5).

As to D.C. Code, 2000 Ed., § 13-423 (a) (5), it is clear from the Complaint that the real property out of which the action arises is located in the State of Tennessee, and not the District of Columbia. *See* Paragraph 2-3 of Complaint, following heading entitled "The Parties", and paragraph 3 of Complaint following heading entitled "Background". Accordingly, no personal jurisdiction can be founded on the activity described in this sub-paragraph.

As to D.C. Code, 2000 Ed., § 13-423 (a) (4), because the purview of that section is limited by the italicized language above, that section likewise cannot stand for a basis of personal jurisdiction. *See* paragraph 6 of the Verified Motion. Nor does the defendant Wilson contract to

---

[2] D.C. Code, 2000 Ed., § 13-423 (a) (6) addresses acts arising from a person "contracting to insure or act as surety for or on any person, property, or risk, contract, obligation, or agreement located, executed, or to be performed within the District of Columbia at the time of contracting, unless the parties otherwise provide in writing". D.C. Code, 2000 Ed., § 13-423 (a) (7) addresses acts arising from the person's "marital or parent and child relationship in the District of Columbia".

2

supply services in the District, as would be required to exercise jurisdiction pursuant to D.C. Code, 2000 Ed., § 13-423 (a) (2). *See* paragraph 6 of the Verified Motion.

That leaves for discussion, whether the activity complained of rises to the level of "transacting any business" in the District, as provided for by D.C. Code, 2000 Ed., § 13-423 (a) (1) or "causing tortious injury in the [District] by an act or omission in the in the [District]", as provided for by D.C. Code, 2000 Ed., § 13-423 (a) (3). It is clear that the only contact or nexus with the District of Columbia, by the Defendant Wilson, was the mailing to the plaintiff's address of a pre-foreclosure letter on June 19, 2006, *see* Exhibit A to the Complaint, and a notice of pending foreclosure sale on July 18, 2006, *see* Exhibit S to the Complaint, pursuant to the requirements of the subject security instrument and/or Tennessee law. The address of the plaintiff in the District of Columbia was provided to Wilson by its co-defendant Chase Home Finance, LLC, who was in turn advised of this address by the plaintiff. *See* Exhibit M to the Complaint. *See also* paragraph 9 of the Verified Motion.

In order to establish personal jurisdiction under the "transacting business" provision of the Code, this Court has said that the plaintiff must prove that (1) the defendant transacted business in the District, (2) that the claim arose from the business transaction, and (3) that the defendant purposely established minimum contacts with the District such that the court's exercise of personal jurisdiction would not offend traditional notions of fair play and substantial justice. *See Formica v. Cascade Candle Co.*, 125 F.Supp.2d 552 (D.D.C. 2001); *Richter v. Analex Corp.*, 940 F.Supp. 353 (D.D.C. 1996). This Court has also said that with respect to personal jurisdiction, due process requires that (1) the nonresident defendant purposefully avail itself of the privilege of conducting activities in the forum state, this invoking the benefits and protections of its laws, (2) the nonresident defendant must be able to reasonably anticipate being haled into court in the forum

3

state, and (3) the suit cannot offend traditional notions of fair play and substantial justice; in addition the "minimum contacts" required must come about by and through an action of the defendant purposefully directed towards the forum state. *Brunson v. Kalil & Co., Inc.* 404 F.Supp.2d 221 (D.D.C. 2005).

Business contacts between a nonresident defendant and the District must be voluntary and deliberate, rather than fortuitous and accidental, in order to provide a basis or the exercise of personal jurisdiction over the defendant consistent with due process. *Holder v. Haarmann & Reimer Corp.*, 779 A.2d 264 (D.C. 2001). Furthermore, a defendant only "transacts business" within the District if the business is of a "substantial character". *World Wide Minerals Ltd. v. Republic of Kazakhstahn,* 116 F.Supp.2d 98 (D.D.C.), *aff'd in part, remanded in part*, 296 F.3d 1154, 353 U.S.App.D.C. 147, *cert. denied* 123 S.Ct. 1250, 537 U.S. 1187, 154 L.Ed.2d 1019 (2000). In determining whether a nonresident defendant's contacts with the District are sufficient under the "transacting business" provision of the long-arm statute, in order to support the exercise of personal jurisdiction, the court must look at the quality and nature of the contacts, which contacts must illustrate "deliberate and voluntary association" with the District on the part of the defendant. *Helmer v. Doletskaya*, 290 F.Supp.2d 61 (D.D.C.), *aff'd in part, rev'd in part* 393 F.3d 201, 364 U.S.App.D.C. 178 (2003).

On at least three occasions this court has found that mere mail communications by a nonresident defendant to a plaintiff located in the District did not rise to the level of transacting business in the District, such that would invoke personal jurisdiction over that defendant. *See Baltierra v. West VA Bd. of Medicine*, 253 F.Supp. 9 (D.D.C. 2003); *Brunson, supra; COMSAT Corp. v. Finshipyards S.A.M.,* 900 F.Supp. 515 (D.D.C. 1995).

Likewise, the standard set by the courts for jurisdiction based on causing tortious injury in the District by an act or omission in the District is also clear. In this circumstance, both the tortious injury *and the act causing the injury* must occur in the District. *Helmer, supra.* Only two of the plaintiff's four enumerated Counts, those for wrongful foreclosure and negligence, arguably sound in tort[3]. Both Counts are ostensibly grounded on the failure by the "Defendant" to give proper notice "pursuant to D.C. Code Section 42-815 (b) (2001) and 9 DMCR 311 (1986) [sic]". However, it is evident and indisputable that neither the foreclosure law of the District, not its regulations, have any authority over, nor relevance to, a foreclosure action of a parcel of property located in the State of Tennessee.

Assuming *arguendo* that there was in fact a failure to give proper notice in connection with the foreclosure sale, if any, that act or omission took place in the State of Tennessee, and not in the District. *See National Bank of Washington v. Mallery*, 669 F.Supp. 22 (D.D.C 1987) (act of allegedly misrepresenting corporation's finances in financial statements occurred in state where statements were written); *see also, Security Bank, N.A. v. Tauber*, 347 F. Supp. 511 (D.D.C. 1972) (as to lack of jurisdiction founded on phone calls containing allegedly fraudulent misrepresentations and made into District by non-resident).

Accordingly, and for the above reasons, this honorable Court should enter an order dismissing Wilson & Associates, PLLC, from this action.

Respectfully presented,

---

[3] See *Johnson v. Fairfax Village Condominium IV Unit Owners Ass'n*, 641 A.2d 495 (D.C. 05/12/1994), for discussion of action for "wrongful foreclosure". This action is one which may be brought in equity to reverse a wrongful sale under foreclosure of a mortgage instrument, or at law for damages, which action however, appears to sound in breach of contract, rather than tort.

                                                             /s/

Stephen N. Goldberg, D.C. Bar No. 247916
COHN, GOLDBERG & DEUTSCH, LLC
600 Baltimore Avenue, Suite 208
Towson, Maryland 21204
(410) 296-2550 x3009

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DELORES SPENCER-JEFFRIES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:06-cv-01520 |
| ) | |
| CHASE HOME FINANCE, LLC., et al., ) | Judge Gladys Kessler |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 8, 2006 I sent by first class, postage prepaid mail, a copy of the foregoing Verified Motion of Wilson & Associates, PLLC, to Dismiss for Lack of Jurisdiction Over the Person, and Memorandum in support thereof, to:

Gary C. Tepper, Esq.
Timothy W. Bucknell, Esq.
ARENT FOX PLLC
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5339
Attorneys for Defendant Chase Home Finance LLC

Delores Spencer-Jeffries
73 Galveston St., SW, Apt. 101
Washington, D.C. 20032

_____
Stephen N. Goldberg, D.C. Bar No. 247916
COHN, GOLDBERG & DEUTSCH, LLC
600 Baltimore Avenue, Suite 208
Towson, Maryland 21204
(410) 296-2550 x3009

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DELORES SPENCER-JEFFRIES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:06-cv-01520 |
| ) | |
| CHASE HOME FINANCE, LLC., <u>et al.</u>, ) | Judge Gladys Kessler |
| ) | |
| Defendants. ) | |

### <u>ORDER DISMISSING WILSON & ASSOCIATES, PLLC AS DEFENDANT, FOR LACK OF JURISDICTION OVER THE PERSON</u>

UPON CONSIDERATION of the Verified Motion of Wilson & Associates, PLLC, to Dismiss for Lack of Jurisdiction Over the Person, the Memorandum in Support thereof, any response thereto, and the Court finding that it lacks a sufficient basis for personal jurisdiction over the moving Defendant, it is this ____ day of _____, 2006, by the United States District Court for District of Columbia,

ORDERED, that Wilson & Associates, PLLC, BE, and is HEREBY DISMISSED as a Defendant from this action.

_____
JUDGE, UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA