UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DELORES SPENCER-JEFFERIES,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | Civil Action No. 06-1520 (GK) |
| : | |
| **CHASE HOME FINANCE, LLC,** : | |
| <u>et</u> <u>al</u>. : | |
| : | |
| **Defendants.** : | |
| : | |

## MEMORANDUM OPINION

Plaintiff Delores Spencer-Jefferies brings this action pro se against Defendants Chase Home Finance, LLC ("Chase"), and Wilson & Associates, PLLC ("Wilson"), for wrongful foreclosure, breach of contract, negligence, and violations of the D.C. Consumer Protection Procedures Act, D.C. CODE, § 28-3901 et seq. (2001).

This matter is before the Court on Defendant Wilson's Motion to Dismiss for Lack of Jurisdiction Over the Person [Dkt. No. 6], which was filed on September 8, 2006. In its Motion, Defendant Wilson argues that it is not subject to the jurisdiction of this Court because the property constituting the subject of the action is located in Tennessee, Defendant does not contract to supply services in the District of Columbia, and the acts or omissions relating to the real property at issue do not constitute "transacting business" or causation of tortious injury in the District of Columbia.

On September 13, 2006, the Court ordered that Plaintiff respond to Defendant's Motion by October 13, 2006. As required by Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988), that Order explained that in the event Plaintiff failed to respond, the Court would treat the Motion as granted.

At the Initial Scheduling Conference on October 3, 2006, the Court extended the time for Plaintiff to oppose the Motion to Dismiss to December 4, 2006. To date, Plaintiff has not filed any response to the Motion to Dismiss.

Local Civil Rule 7(b) requires an opposing party to file a memorandum of points and authorities in opposition to a motion within 11 days of the filing of the motion, or the court may treat the motion as conceded. LCvR 7(b); see Fox v. Am. Airlines, Inc., 389 F.3d 1291, 1294 (D.C. Cir. 2004) (affirming district court's grant of motion to dismiss as conceded due to the plaintiff's failure to file a response). Accordingly, the D.C. Circuit has stated, "where the district court relies on the absence of a response as a basis for treating the motion as conceded, we honor its enforcement of the rule." Fox, 389 F.3d at 1295 (quoting Twelve John Does v. District of Columbia, 117 F.3d 571, 577 (D.C. Cir. 1997)).

Plaintiff has neither responded to Defendant's Motion to Dismiss nor sought additional time to respond. The Court therefore deems Defendant's Motion to Dismiss conceded.

For the foregoing reasons, Defendant's Motion to Dismiss for Lack of Jurisdiction Over the Person [Dkt. No. 6] is **granted** as conceded.

December 18, 2006

/s/
Gladys Kessler
United States District Judge

**Copies to: attorneys on record via ECF and**

**DELORES SPENCER-JEFFERIES**
73 Galveston Street, SW
Apartment 101
Washington, DC 20032