UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DELORES SPENCER-JEFFERIES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-1520 (GK)/(DAR) |
| | ) | |
| CHASE HOME FINANCE LLC, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPPOSITION TO PLAINTIFF'S MOTION TO RECONSIDER

Pursuant to this Court's directive, having substantially completed its responsibilities under the February 23, 2007 settlement agreement between the parties, on March 12, 2007, Defendant Chase Home Finance LLC ("Chase") moved this court to amend the previously entered Stipulated Order of Dismissal to reflect the parties' intention that such dismissal be with prejudice. The Court granted Chase's request. Plaintiff Delores Spencer-Jefferies ("Spencer-Jefferies") has now requested the Court reconsider the Order approving the amendment of the dismissal, continue the settlement process and conduct an emergency hearing. The Court must deny Spencer-Jefferies' motion in its entirety. Chase has substantially completed its responsibilities under the settlement agreement and entitled to the relief the Court has granted.

Pursuant to the Settlement Agreement Chase has credited Spencer-Jefferies account for six months worth of mortgage payments, waived substantial amounts of fees and costs, reinstated the loan, provided Spencer-Jefferies a letter of explanation to take to prospective lenders and sent notice to the three major credit reporting agencies reflecting these actions and the status of the loan. See Affidavit of Thomas E. Reardon attached hereto as Exhibit 1.

1

Essentially, Spencer-Jefferies is upset because her credit history is in such condition that she may not be able to refinance her property despite the letter from Chase and the amendments to her credit report. While that is an unfortunate situation, the Settlement Agreement and Chase's right to a dismissal with prejudice are not conditioned on Spencer-Jefferies' ability to refinance the property. Chase wishes Spencer-Jefferies success in such efforts and has done everything it can to further such efforts.

Lastly, neither Chase nor its counsel acted improperly in filing its Motion to Amend the Dismissal. Spencer-Jefferies was informed of Chase's intention to file the motion, the necessity to file by March 12 to ensure that the Court still maintained revisory power over the dismissal, and Chase's desire to file as a joint motion. When Ms. Spencer-Jefferies was not able to access the motion, Chase filed it as a standard motion.

For the foregoing reasons, Spencer-Jefferies motion for reconsideration should be denied in its entirety.


March 27, 2007.

<div style="margin-left:50%">

Respectfully Submitted,

  /s/Timothy W. Bucknell_____
Timothy W. Bucknell
Gary C. Tepper
ARENT FOX LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5339
(202) 857-6000
Attorneys for Defendant Chase Home
Finance, LLC

</div>

## CERTIFICATE OF SERVICE

I certify that I have this 27th day of March, 2007, caused the foregoing Opposition to

Plaintiff's Motion to Reconsider to be served by certified mail upon:

Delores Spencer-Jefferies
2612 Naylor Road, SE #202
Washington, DC 20020

/s/Timothy W. Bucknell
Timothy W. Bucknell