UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DELORES SPENCER-JEFFERIES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-1520 (GK)/(DAR) |
| | ) | |
| CHASE HOME FINANCE LLC, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPPOSITION TO PLAINTIFF'S MOTION TO VOID SETTLEMENT AGREEMENT AND PLAINTIFF'S MOTION TO VOID ORDERS OF DISMISSAL

Plaintiff Delores Spencer-Jefferies ("Spencer-Jefferies") has moved this Court to "void in its entirety due to breach of the agreement" the February 23, 2007 Settlement Agreement between Spencer-Jefferies and Defendant Chase Home Finance LLC ("Chase"). Additionally, Spencer-Jefferies has requested the February 23, 2007 order of dismissal, modified March 12, 2007, be voided. Chase, through its undersigned counsel, contends that there is simply no basis in law or in fact for the relief Spencer-Jefferies is requesting. Spencer-Jefferies does not dispute the validity of the Settlement Agreement she signed to resolve this litigation and makes only baseless allegations that Chase has failed to comply with the provisions of the Settlement Agreement. There is simply no evidence that Chase has failed to comply with the provisions of the Settlement Agreement and the requested relief must be denied.

Litigants who seek to have the Court attack "a settlement through which [the] controversy has been set to rest bear a properly heavy burden." Asberry v. United States Postal Service, 692 F.2d 1378, 1380 (Fed.Cir.1982). "In order to have the Court set aside the settlement agreement, plaintiff 'must show that the agreement is unlawful, was involuntary, or

was the result of fraud or mutual mistake.'" Horn v. U.S. Dept. of Army, 284 F. Supp. 2d 1, 12

(D.D.C. 2003) (quoting Sargent v. Dep't Health & Human Services, 229 F.3d 1088, 1091 (Fed.

Cir. 2000)). Spencer-Jefferies has not alleged that the Settlement Agreement she entered into, in

open court and under this Court's protective watch, was unlawful, involuntary, or the result of

fraud or mutual mistake. Quite to the contrary, it was a reasonable, mutually-satisfactory

resolution reached after hours of negotiations.

     Spencer-Jefferies' motion is premised, not on one of the permissible grounds of attack,

but on a purported breach of the Settlement Agreement. There has been no such breach. In

opposition to Spencer-Jefferies' Motion to Reconsider (Docket #22), Chase submitted the

affidavit of Thomas Reardon indicating that Chase has complied with the provisions of the

Settlement Agreement. Now, in purported opposition to that position, Spencer-Jefferies puts

forward a "History Statement" dated August 8, 2006 and an undated portion of an account

summary for her loan with Chase. Spencer-Jefferies' motion suggests two instances of non-

compliance with the provisions of the Settlement Agreement. First, she claims that Chase failed

to correct and credit fees of $133 and $300 apparently dating to September of 2004, two years

prior to the instant suit. Second, that various fees in the amount of $1,176.27 between March 16,

2005 and September 16, 2007 [sic] were not credited to Spencer-Jefferies' account.

     With regard to the $433 in charges, Spencer-Jefferies herself acknowledges that Chase

has properly credited her account for these charges. Complaint at ¶ 23 (acknowledging that

Chase credited Spencer-Jefferies' account for the $433 in January of 2006). There is simply no

basis for Spencer-Jefferies' claim that "the fees were assessed again and then reversed." Given

Spencer-Jefferies' failure to describe with any specificity the $1,176.27 in charges she now

contests, it is impossible for Chase to determine whether these are part of the thousands of

dollars in charges and fees that have been reversed or credited to Spencer-Jefferies' account over the life of the loan.

Further, even assuming Chase had not reversed these contested charges, the Settlement Agreement clearly does make Chase responsible for these claimed items. Paragraph 1 of the agreement, the only provision that addresses fees, provides "[w]ithin ten (10) business days of execution of this Settlement Agreement and the entry of the stipulated order of dismissal referenced in paragraph 4 of this Settlement Agreement, Chase shall reverse any fees or costs currently assessed with regard to the foreclosure proceedings connected with Spencer-Jefferies' bankruptcy in May of 2006." See Bucknell Decl. Ex. A (Copy of Settlement Agreement). On its face, this provision does not contemplate the reversal of any fees or costs assessed prior to May 2006. "Currently assessed" means just that, fees that were, at the time of the Settlement Agreement, assessed to the account, unlike the previously assessed charges that Spencer-Jefferies now complains of. Spencer-Jefferies would essentially read "currently" out of the agreement and hold Chase liable for reversing any fee ever assessed to her account, even those previously reversed by Chase. With regard to fees after May 2006, Spencer-Jefferies has put forward nothing to contradict the affidavit of Mr. Reardon or to indicate that such fees were not reversed pursuant to the terms of the agreement.

In addition to the reversal of fees, Chase agreed to credit Spencer-Jefferies' account for six months of payments -- payments that were not in dispute in the litigation. This generous settlement offer included the value of not having to go back and revisit every charge that Spencer-Jefferies believed was ever wrongfully assessed to her account as it now appears she would like to do.

As indicated by her Motion to Reconsider (Docket # 22), Spencer-Jefferies is primarily upset because her credit history is in such condition that she may not be able to refinance her property despite the letter of explanation from Chase, Chase's full compliance with the Settlement Agreement, and the amendments to her credit report. While that is an unfortunate situation, the Settlement Agreement and Chase's right to a dismissal with prejudice are not conditioned on Spencer-Jefferies' ability to refinance the property. Chase continues to wish Spencer-Jefferies success in such efforts and has done everything it can to further such efforts. Chase has complied with its obligations under the generous Settlement Agreement and is now entitled to lay this matter to rest.

For the foregoing reasons, Spencer-Jefferies' motions should be denied in their entirety.

Respectfully Submitted,


__/s/Timothy W. Bucknell_____
Timothy W. Bucknell
Gary C. Tepper
ARENT FOX LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5339
(202) 857-6000
Attorneys for Defendant Chase Home
Finance, LLC


April 24, 2007

## CERTIFICATE OF SERVICE

I certify that I have this 24th day of April, 2007, caused the foregoing Opposition to Plaintiff's Motion Void Settlement Agreement and Plaintiff's Motion to Void Orders of Dismissal and the accompanying Declaration of Timothy W. Bucknell to be served by certified mail upon:

Delores Spencer-Jefferies
2612 Naylor Road, SE #202
Washington, DC 20020

_____/s/Timothy W. Bucknell_____
Timothy W. Bucknell