# Exhibit A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Settlement Agreement") is made this 23nd day of February 2007, by and between (a) Plaintiff Delores Spencer-Jefferies ("Spencer-Jefferies") and (b) Defendant Chase Home Finance LLC ("Chase").

WHEREAS, the parties are engaged in litigation in the District Court for the District of Columbia styled as <u>Delores Spencer-Jefferies v. Chase Home Finance, LLC and Wilson & Associates, PLLC</u>, Civil Action No. 06-CV-1520 (GK) (the "Litigation") in which Spencer-Jefferies alleges certain claims in a Complaint (the "Complaint") against Chase relating to a mortgage loan, loan number 3005883860 (the "Loan") secured by certain real property located at 901 Hammack Drive, Nashville, TN 37214 (a.k.a. 826 Woodcraft Drive, Nashville, TN 37214 (the "Property") as provided in the Deed of Trust, dated June 30, 1994 (the "Deed of Trust");

WHEREAS, Chase contests the claims raised in the Litigation;

WHEREAS, the parties wish to resolve and settle all of the disputed claims between them;

NOW THEREFORE, the parties agree and represent as follows:

1. **Waiver of Fees**

Within ten (10) business days of execution of this Settlement Agreement and the entry of the stipulated order of dismissal referenced in paragraph 4 of this Settlement Agreement, Chase shall reverse any fees or costs currently assessed with regard to the foreclosure proceedings connected with Spencer-Jefferies' bankruptcy in May of 2006.

2. **Reinstatement of Loan**

Within ten (10) business days of execution of this Settlement Agreement and the entry of the stipulated order of dismissal referenced in paragraph 4 of this Settlement Agreement, Chase

LDR/181633.3

shall reinstate Spencer-Jefferies' loan and credit Spencer-Jefferies' account for the monthly payments due for October, November, and December of 2006 and January, February, and March of 2007.

3.   **Notice to Credit Reporting Agencies and Letter**

Within thirty days following execution of this Settlement Agreement and the entry of the stipulated order of dismissal referenced in paragraph 4 of this Settlement Agreement, Chase will send an amendment to credit reporting to the three major credit reporting agencies (Equifax, Experian, and Trans-Union) reflecting that the parties' dispute regarding the Loan has been resolved and that Spencer-Jefferies' account is current and in good standing.  Chase shall include in such amendment deletion of any references to the foreclosure.  Confirmation that such notice has been submitted shall also be sent to Spencer-Jefferies by Chase within five business days of such transmission to the credit agencies.  Chase will also monitor, on a bi-weekly basis, Spencer-Jefferies' credit report for a period of sixty (60) days after such notice transmission to verify the credit corrections have remained in place and ensure removal of such references.  Further Chase will provide Spencer-Jefferies with a letter of explanation noting that the dispute between the parties has been resolved in a mutually agreeable manner.

4.   **Disposition of Pending Lawsuit**

Upon execution of this Settlement Agreement, the parties shall submit to the Court a stipulated order of dismissal in the form attached hereto as Exhibit A, dismissing the Litigation with prejudice, with each party bearing its own attorney's fees and costs.

5.   **Entire Agreement**

This Settlement Agreement and the Exhibit(s) hereto constitute the entire agreement between the parties with respect to the subject matter hereof and shall supersede all prior written

and oral and all contemporaneous oral agreements and understandings with respect to the subject matter hereof. The parties acknowledge and represent that they have not executed this Settlement Agreement in reliance on any promise, representation or warranty not contained herein.

6. **Counterparts**

This Settlement Agreement may be executed via facsimile or otherwise in counterparts, each of which shall be deemed to be an original but all of which shall constitute one and the same agreement.

7. **Release and Covenant Not to Sue**

Except as otherwise provided herein, Spencer-Jefferies for herself, as well as all predecessors, trustees, successors, assigns, and all other persons claiming under or through any of them (collectively the "Borrower Releasors") do hereby remise, release, acquit, satisfy and forever discharge Chase, and all of Chase's trustees, affiliates, parent companies, subsidiaries, successors, assigns, current and former employees, current and former agents, current and former shareholders, current and former attorneys, insurers, and all other persons claiming under and through any of them, of and from any and all claims whatsoever of every kind and nature, whether now accrued or hereinafter maturing and whether known or unknown, whether liquidated or unliquidated, whether matured or unmatured, whether or not well-founded in fact or in law, which the Borrower Releasors ever had, now have, or which the Borrower Releasors or the Borrower Releasors' successors or assigns can, shall or may have, for or by reason of any matter, cause, or thing whatsoever, based in whole or in part on any fact, event, relationship, representation, occurrence, or any other thing prior to or as of the date of this Settlement Agreement.

Spencer-Jefferies further releases Wilson & Associates, PLLC from any claims relating to or arising from the Amended Complaint in the Litigation.

8. **Amendment**

This Settlement Agreement and any amendments hereto shall be made solely in writing and executed in multiple copies via facsimile or otherwise by all of the parties.

9. **Descriptive Headings**

The headings contained in this Settlement Agreement and/or Exhibit(s) hereto are for reference purposes only and shall not affect in any way the meaning or interpretation of this Settlement Agreement. When a reference is made in this Settlement Agreement to a paragraph or Exhibit, such reference shall be to a paragraph of, or an Exhibit to, this Settlement Agreement unless otherwise indicated.

10. **Inclusion of Recitals**

The above "WHEREAS" clauses, set forth initially to provide background as to the parties' relationships and their intent with respect to this Settlement Agreement, are fully incorporated herein by reference and shall be given the same force and effect as if same were repeated herein as individual provisions of this Settlement Agreement.

11. **Venue and Choice of Law**

In the event of a dispute regarding this Settlement Agreement, the U.S. District Court for the District of Columbia will have exclusive jurisdiction, and the substantive law applied (irrespective of conflicts principles) shall be that of the District of Columbia. The parties further voluntarily submit to the jurisdiction and venue of the appropriate courts in District of Columbia.

| | |
|---|---|
| Witness: _____ | *Delores Spencer-Jefferies* |
| | DELORES SPENCER-JEFFERIES |

District of  :
            :   SS
Columbia    :

ON THIS, the ____ day of _____, 2007 before me, a Notary Public, personally appeared Delores Spencer-Jefferies, who acknowledged herself and executed the foregoing instrument for the purposes therein contained by signing her name thereto.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

_____
Notary Public

My commission expires on: _____


CHASE HOME FINANCE LLC

Witness: _____   By: *Tim Bull*   Timothy Bucknell
                                   Its: Counsel of Record

STATE OF    :
            :   SS
NEW JERSEY  :

ON THIS, the ____ day of _____, 2007 before me, a Notary Public, personally appeared _____, who acknowledged herself/himself and executed the foregoing instrument for the purposes therein contained by signing her/his name thereto.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

_____
Notary Public

My commission expires on: _____

LDR/181633.3