UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBI

| | |
|---|---|
| DELORES SPENCER-JEFFERIES, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CHASE HOME FINANCE LLC, ) <br> et al., ) <br> ) <br> Defendant, ) <br> ) | Case No. 06-1520 (GK)/(DAR) |

## RESPONSE TO DEFENDANTS OPPOSITION TO PLAINTIFF MOTION TO VOID SETTLEMENT AGREEMENT AND MOTION TO VOID ORDERS OF DISMISSAL

Come now the Plaintiff Delores Spencer-Jefferies requesting that the Defendants opposition to the Plaintiff motion to void Settlement Agreement and Plaintiff's motion to void not be granted. The Plaintiff did (however, reluctant) enter into an agreement with the intent to settle this dispute however, the Defendant did not comply with all of the terms of the agreement as in the Settlement agreement. Nor is the affidavit of Thomas Rearson correct in its entirety, Chase did credit the account for the six month period. The fees assessed and currently owe on the account as of the date of the settlement was credited, however the fees collected were not reversed, credited to the account or returned to the Plaintiff.

Paragraph 1. Waver of fees state that that Chase shall reverse any fees or cost currently assessed with regards to the foreclosure proceedings connected with Spencer-Jefferies's bankruptcy IN May of 2006. The Plaintiff states that fees related to the

RECEIVED
MAY - 1 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

foreclosure proceedings commenced on September 15, 2004, when the sum of 133.00 and 300.00 was posted to the Plaintiff account. Therefore, any and all fees assessed or collected apply to this Settlement Agreement. During the time period of September 15, 2004 and June 16, 2006, fees in the amount of $606.27, was collected for Late Fees; $453.86 was collected for Attorney fees and $116.14 was collected for Property fees. The Plaintiff states that all of these Fees are in connection with the foreclosure proceeding related to this case and none of these fees were reversed, credited to the account or returned to the Plaintiff.

In additions the Plaintiff states that the fee in the amount of $133, or $300.00 was not credited to the account. The Defendant mealy assessed additional fee in the amount of 433.00 on January 1, 2006. Posted a second transaction on that same day as unapplied. And thirdly initiated a posting that indicated that the fee was waived (Exhibit A). This posting was and is erroneous with the attempt to deceive the Plaintiff. The Defendant has issues several types of history reports which done not match (Exhibit A and B). This clearly indicated that the Defendant has again manipulated their Financial System and initiated erroneous transactions, which proves a statement previously stated by the plaintiff which was that Chase Home Finance are very deceitful and dishonest. (Please see history documentation).

The Plaintiff is not contending that the agreement is unlawful, was involuntary, or was the result of fraud or mutual mistake. However, the Plaintiff is stating that the Defendant did not abide by the agreement in its entirety and the Plaintiff is requested that the Settlement agreement and the order of dismissal be voided in its entirety and that Settlement continue in this case.

The agreement does not state fees "Currently assessed" it states Chase shall reverse any fees or cost costs currently assessed with regards to foreclosure proceeding connected with Spencer-Jefferies' bankruptcy in May of 2006 and all of the fees collected are in relation to the foreclosure proceeding in May of 2006.

Chase contends that their settlement offer was generous, and on the contrary considering the unlawful and intentional acts and breaches that they clearly commented, the Plaintiff disagrees with that statement.

The Plaintiff states that she is very upset because of my credit history and rightfully so, she had successfully completed her bankruptcy plain in 2005. After receiving a dismissal, Chase Home Finance LLC, imposed more unjustifiable fees. Despite being ordered by the Court to return over $6000.00 in fees, most of which they could not prove when required, that they paid to an Attorney. The Plaintiff was forced to file Bankruptcy because Chase Home Finance LLC had assessed outrageous and bogus fees to her account with the intent to foreclose on the property. Prior to filing Bankruptcy, years, prior the Plaintiff was forced to report Chase Home Finance LLC to the Federal Housing Authority (FHA), because they were wrongfully trying to take repossession of property that she was awarded in a divorce agreement.

In conclusion the Plaintiff states that Chase Home Finance did indeed breach the Settlement Agreement, because they did not reverse or credit all of the fees assessed to the Plaintiff account. Because they did not credit back the $433.00, (which is the sole reason for this suit)collected nor did they return to the Plaintiff or credit the account for all of the fees collected relating to the foreclosure proceedings in connection with the May of 2006 bankruptcy which commenced on September 15, 2006. Initially the Plaintiff did indicate that $433.00 was property credited because she was refereeing to what was stated on a monthly statement that was issued to her. After closely review the different payment histories that she received, one directly from Chase, dated 8/8/06 and the other report that she received directly from Timothy Bucknell, within the conference room of Judge Robinson during the March., she realize that the fees were not reversed, they were simply reassessed as a new fee, posted as unapplied and then reversed on January 1, 2006. This is again proof as to the deceptiveness of Chase Home Finance, LLC

Wherefore, the Plaintiff, request that the Settlement Agreement and Release between Delores Spencer-Jefferies and Chase Home Financial, LLC, on February 23, 2007 be voided in its entirety. In addition the Plaintiff also request that the Stipulated Order(s) both Without Prejudice, dates February 23, 2007 and the Stipulated Order, With Prejudice, dated March 12, 2007, be voided in their entirety also due to (Chases") breach of the Settlement Agreement between the parties.

April 30, 2007

Respectfully Submitted,

*Delores Spencer-Jefferies*
Delores Spencer-Jefferies
2612 Naylor Rd. S.E.
Apt. 202
Washington, DC 20020
(202) 409-2686
Pro Se

## Certificate of Service

I do herby certify that I cause a copy of the forthcoming document to Chase Home Finance, LLC; Timothy W. Bucknell, 1050 Connecticut Avenue, N.W., Washington, DC 20036-5339, on this date, April 30, 2007 by U.S. mail.

*Delores Spencer-Jefferies*